**PHILLIPS PUERTO RICO CORE, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 92–827 T.**

United States Court of Federal Claims.

March 18, 1994.

Robin L. Greenhouse, Washington, DC, for plaintiff.

Benjamin C. King, Jr., U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HODGES, Judge.

Plaintiff seeks a refund of excise taxes paid on sales of xylene, a chemical that it manufactures. The excise tax imposed on xylene prior to October 1, 1985, was retroactively repealed by the Superfund Amendments and Reauthorization Act of 1986, Pub.L. No. 99–499, § 513(h)(2), 100 Stat. 1613, 1765–66. Refund claims are authorized by § 513(h)(2).

Xylene is one of the chemicals subject to excise taxes that finance an environmental superfund. 26 U.S.C. § 4661 (1988). Defendant pleaded an offset against plaintiff's refund claim involving § 4661 excise taxes on toluene, another chemical that plaintiff manufactures. Plaintiff paid excise taxes when the toluene was sold but later claimed a credit on its tax return because the ultimate purchasers used the chemical to manufacture motor fuel. Defendant argues that the motor-fuel exception to the excise tax cannot be satisfied after the time of sale, and contends that plaintiff underpaid its environmental excise-tax liability for the quarters at issue.

## DISCUSSION

The sale of toluene by a manufacturer is taxed under § 4661(a). An exception in § 4662(b)(5) provides that toluene "sold for use by any purchaser" in the manufacture of motor fuel is not subject to the excise tax. Plaintiff sold toluene to an affiliate, Phillips Chemical Company, and paid the excise tax. The cost of the tax was passed on to Phillips Chemical in the sales transaction.

Phillips Chemical later resold the toluene to its customers. Some of those sales took place more than one year after the initial sale. The customers were billed for the tax cost unless Phillips Chemical knew when the invoice was prepared that a customer anticipated motor-fuel use. Some customers had not informed Phillips Chemical that they intended such use and refused to pay the cost of the excise tax, which was shown separately on the invoice. Phillips Chemical issued a "dummy credit" to each of those customers to cancel the tax cost that had been billed. A "chargeback invoice" was submitted to plaintiff for tax costs that Phillips Chemical did not pass on to its customers. Plaintiff reimbursed Phillips Chemical for those costs.

If an excise tax on a chemical is paid at the time of sale and "any person uses such chemical" to manufacture motor fuel, or resells it for such use, then the amount of the tax "shall be allowed as a credit or refund ... to such person." § 4662(d)(3). This provision apparently presupposes that the tax cost would be passed on to the purchaser, who later anticipates motor-fuel use. Phillips Chemical paid the tax cost but did not claim a credit under § 4662(d)(3). The company also did not attempt to collect the full invoice price from customers who were billed for the tax cost. An accounting director of Phillips 66 Company, successor to Phillips Chemical, testified that the company did not claim a credit on its excise-tax return because "we did not have money, anything to apply it against." Defendant suggests that Phillips Chemical may have had insufficient excise-tax liability to make use of the credit and attempted to shift the credit to plaintiff.

Plaintiff argues that the § 4662(b)(5) motor-fuel exception can be satisfied after the time of sale. Plaintiff claimed a credit under the general refund provision, § 6402(a), because it "bore the economic burden of the tax and thus paid the tax in substance as well as

form." Plaintiff contends that § 6402(a) and the specific refund provision of § 4662(d)(3) should be interpreted in a "logical and harmonious manner where each provision will have meaning and effect without contradicting the other."

■ The unambiguous language of a statute ordinarily must be regarded as conclusive absent "a clearly expressed legislative intent to the contrary." *Reves v. Ernst & Young*, —— U.S. ——, ——, 113 S.Ct. 1163, 1169, 122 L.Ed.2d 525 (1993), citing *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981), quoting *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Unless toluene is "sold for use" in the manufacture of motor fuel, an excise tax is imposed on the sales transaction. The § 4662(b)(5) exception is not retroactively satisfied if a purchaser later decides to use the toluene in the manufacture of motor fuel, or resells it for such use. Instead the purchaser is entitled to a refund of the tax "as if it were an overpayment of tax imposed by this section." § 4662(d)(3). This invokes the procedure in § 6402(a), the general refund provision.

The original excise-tax legislation did not contain the § 4662(b)(5) motor-fuel exception or the § 4662(d)(3) refund provision. Hazardous Substance Response Revenue Act of 1980, Pub.L. No. 96–510, 94 Stat. 2796, 2798–2801. Those sections were enacted by the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, 1022–23. The history of the earlier legislation supports our view that §§ 4662(b)(5) and 4662(d)(3) were designed to permit efficient administration of the tax law:

> There is no exemption from the chemical tax for petrochemical feedstocks used as fuel. Because petroleum fuels typically pass through the hands of numerous persons before they are burned by the ultimate consumer, it is unclear how such an exemption could be effectively administered. The cost of documenting ultimate fuel use under such circumstances might well cost more than the taxes saved.

H.R.Rep. No. 1016, 96th Cong., 2d Sess., Part II, at 7 (1980), U.S.Code Cong. & Admin.News 1980, pp. 6119, 6155.

### CONCLUSION

Plaintiff is not entitled to the credit it claimed for excise taxes paid on sales of toluene. Counts VII and VIII of the complaint are DISMISSED.